UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| WENDY RATH, *individually and on behalf of all others similarly situated*,<br><br>         Plaintiff,<br><br>   v.<br><br>JO-ANN STORES, LLC,<br><br>         Defendant. | DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS<br><br>CIVIL ACTION NO.:<br>1:21-CV-00791-WMS |

---

  Defendant Jo-Ann Stores, LLC ("Jo-Ann Stores" or the "Company") files this Notice to bring to this Court's attention the New York Court of Appeals decision in *Konkur v. Utica Academy of Science Charter School*, No. 8, 2022 N.Y. LEXIS 70 (Feb. 10, 2022) (copy attached as **Exhibit A**). This decision from New York's highest court affirms a case relied upon by Jo-Ann Stores in its moving papers and, as discussed briefly below, supports the arguments made by Jo-Ann Stores in its pending Motion to Dismiss.

  To support its argument that there is no private right of action for violations of the frequency of pay provisions of Labor Law Section 191, Jo-Ann Stores argued (1) the Legislature created an administrative enforcement mechanism for such violations, which indicated no private right of action was intended; and (2) courts have been unwilling to imply private rights of action for other parts of Article 6 of the Labor Law where an express right had not been created. *See* Jo-Ann Stores Memorandum of Law (Dkt. 13-8), pp. 4, 7, 14. One of the cases Jo-Ann Stores relied upon was *Elvey v. Konkur v. Utica Academy of Science Charter School*, 181 A.D.3d 1271, 1272 (4th Dep't 2020) (no private right of action under NYLL § 198 for violations of illegal wage kickback provisions of NYLL § 198-b).

*Konkur v. Utica Academy of Science Charter School*, No. 8, 2022 N.Y. LEXIS 70 (Feb. 10, 2022), affirmed the intermediate appellate decision relied upon by Jo-Ann Stores and constitutes authority from New York's highest court supporting Jo-Ann Stores' arguments in its Motion to Dismiss. Indeed, *Konkur* strongly indicates that the New York Court of Appeals would decline to follow *Vega v. CM & Assoc. Constr. Mgt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019), a case Jo-Ann Stores criticized and urged the Court not to follow in its Motion to Dismiss.

In *Konkur*, the New York Court of Appeals determined there was no private right of action to enforce Labor Law Section 198-b, which prohibits wage kickbacks. The Court in particular noted that Section 198-b could be enforced administratively pursuant to Labor Law Section 218. *Id*. at *2, 6. Because the statute already provided "robust enforcement mechanisms," the Court declined to find that the Legislature intended there to be a private right of action to enforce Section 196-b. *Id*. at *7-8.

As noted in Jo-Ann Stores' Motion to Dismiss, the Court's task is to predict how the New York Court of Appeals would determine the private right of action issue, *i.e.*, whether it would accept the *Vega* analysis or, as urged by Jo-Ann Stores, find that no private right of action exists to enforce the frequency of pay provisions under Labor Law Section 191. *See* Jo-Ann Stores Memorandum of Law (Dkt. 13-8), p. 11. *Konkur* provides the answer to that question. *Konkur* clearly holds a private right of action does not exist where the Legislature created an administrative enforcement mechanism and did not expressly create a private right of action.

Indeed, the same enforcement mechanism (Labor Law Section 218) applicable to wage kickback claims under Section 196-b applies to claims under Labor Law Section 191 for frequency of pay violations. *See* Jo-Ann Stores Memorandum of Law (Dkt. 13-8), pp. 4-7, 13. Thus, it would make no sense for the Court to Appeals to hold there to be no private right of

action for wage kickbacks -- where there is a loss of wages -- but that such a private right of action exists for the frequency of pay provisions under Labor Law Section 191, where employees have been paid in full, albeit half of their paycheck may have been one week late.  Accordingly, *Vega* is a New York intermediate appellate decision, but *Konkur* is "persuasive data that the highest court of the state would decide otherwise."  *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005).  Thus, this Court should ignore *Vega* and hold that a private right of action does not exist for violation of the frequency of pay provisions in Labor Law Section 191.[1]

## CONCLUSION

Based on the foregoing, Defendant Jo-Ann Stores, LLC respectfully requests that the Court dismiss the Complaint in its entirety, with prejudice, and grant such other relief as the Court seems just, proper, and equitable.

DATED:   Buffalo, New York
         November 12, 2021

/s/ Robert C. Weissflach, Esq.
Harter Secrest & Emery LLP
*Attorneys for Defendant*
*Jo-Ann Stores, LLC*
50 Fountain Plaza, Suite 1000
Buffalo, New York 14202
Telephone: (716) 844-3707
Email: rweissflach@hselaw.com

---

[1] *Elhassa v. Hallmark Aviation Servs.*, 21-cv-9768, 2022 U.S. Dist. LEXIS 33051, *7 (S.D.N.Y. Feb. 24, 2022), concluded Konkur had no relevance to *Vega* because *Vega* did not involve an implied private right of action, but that is demonstrably untrue.  See *Vega*, 175 A.D.3d at 1146-1147 (finding an implied private right of action for violations of Section 191).  *Konkur* conclusively demonstrates the New York Court of Appeals would not accept the *Vega* analysis.