UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WENDY RATH, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

            Plaintiff,

v.

JO-ANN STORES, LLC,

            Defendant.

**DECISION AND ORDER**
21-CV-791S

---

## I.    Introduction

In this diversity action, Plaintiff alleges that Defendant Jo-Ann Stores, LLC, her employer, failed to pay Plaintiff and its other "manual workers" on a weekly basis, violating New York Labor Law § 191(1)(a)(i). Plaintiff, a New York employee of Defendant Jo-Ann Stores (an Ohio limited liability company), sues for herself and a class of similar Jo-Ann Stores employees from the last six years, alleging that they were paid biweekly in violation of the Labor Law, leading to late payments. (Docket No. 1, Compl.)

Before this Court is Defendant's Motion to Dismiss for failure to state a claim and lack of jurisdiction because Plaintiff and her putative class lacked Article III standing (Docket No. 13, Def. Motion to Dismiss).

For the reasons stated below, this Court terminates Defendant's Motion to Dismiss (Docket No. 13). Plaintiff is directed to file an Amended Complaint, consistent with the discussion below addressing the extent of harm suffered by not being paid on a weekly basis to allege Article III standing. If Plaintiff fails to file this Amended Complaint, Defendant may renew its present Motion to Dismiss.

## II. Background

### A. Alleged Facts

According to the Complaint (Docket No. 1), Defendant failed to pay Plaintiff and the putative class of manual workers on a timely basis by paying them biweekly rather than weekly as required by Labor Law § 191(1). Plaintiff seeks to recover the amount of untimely paid wages as liquidated damages, attorney's fees, costs, pre- and post-judgment interest. (Id. ¶¶ 19-20, 21.)

Plaintiff was employed by Defendant at its Batavia, New York, store from July 2019 to January 2021 and at its Williamsville, New York, store from January to June 2021 (id. ¶ 11). She claims that at least a quarter of her job responsibilities included manual labor (such as cutting fabrics for customers, stocking inventory, and working on the sales floor and at the cash register) (id.).

The Complaint also alleges a class of all persons who worked as manual workers for Defendant in New York for six years before July 13, 2021 (when Plaintiff filed her Complaint) (id. ¶ 12).

### B. Proceedings

After this Court extended Defendant's time to respond to the Complaint (Docket No. 10), Defendant moved to Dismiss (Docket No. 13[1]). Initially, responses to this Motion were due by November 29, 2021 (Docket No. 14). The parties' moved to extend the briefing deadlines (Docket No. 15) which this Court granted; responses then were due by

---

[1] In support of its Motion to Dismiss, Defendant submits its attorney's Declaration with exhibits and Defendant's Memorandum of Law, Docket No. 13.
In opposition, Plaintiff submits her attorney's Declaration with exhibits and Plaintiff's opposing Memorandum of Law, Docket No. 17.
Defendant replies with its Reply Memorandum of Law, Docket No. 18.
Both sides also submit supplemental authorities, Docket Nos. 19 (Defendant), 20, 21, 22 (Plaintiff).

December 6, 2021, and reply by December 20, 2021 (Docket No. 16). The responses and replies then were timely (Docket Nos. 17, 18) and this Court now grants leave to supplement the authorities cited herein (cf. Docket Nos. 19, 20, 21, 22). As briefed, the Motion is deemed submitted without oral argument.

### III.   Discussion

#### A.  Applicable Standards

##### 1.  Motion to Dismiss

Under Rule 12(b)(6), this Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46).

To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555. As reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference, Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985).

In considering such a motion, the Court must accept as true all the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

2. Article III Standing

Defendant alternatively argues that Plaintiff (and her class) lacks Article III standing to sue (Docket No. 13, Def. Memo. at 17-18). Standing is a threshold matter, Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); Anderson Grp., LLC v. City of Saratoga Springs, 805 F.3d 34, 44 (2d Cir. 2015). Standing "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise," Warth, supra, 422 U.S. at 498.

Where the litigant lacks standing, this Court also lacks subject matter jurisdiction over that party's case, Central States Se. and Sw. Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C., 433 F.3d 181, 198 (2d Cir. 2005). Without

4

satisfying Article III standing, "a federal court has no subject matter jurisdiction to hear the merits of a plaintiff's—or, in this case, the class plaintiffs'—claim: 'Without jurisdiction [a] court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case,'" id. (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quoting in turn Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). "A federal court's jurisdiction can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putative illegal action," Warth, supra, 422 U.S. at 498 (citation omitted).

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy," Spokeo, Inc. v. Robins, 578 U.S. 330, 338, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016); see U.S. Const. art. III, § 2, cl.1. Article III standing requires Plaintiff to demonstrate injury-in-fact, a "causal connection" between that injury and Defendant's conduct, and a likelihood "that the injury will be redressed by a favorable decision," with that likelihood more than being merely speculative, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks omitted). Plaintiff bears the burden of demonstrating his or her standing, id. at 561.

As recently stated by the Supreme Court, "to have Article III standing to sue in federal court, plaintiffs must demonstrate, among other things, that they suffered a concrete harm," TransUnion LLC v. Ramirez, 594 U.S. ___, 141 S.Ct. 2190, 2200, 210 L.Ed.2d 568 (2021). Plaintiff must have "suffered an injury in fact that is concrete, particularized, and actual or imminent," id., 141 S.Ct. at 2203. "To be concrete, an injury

5

must actually exist, that is it must be real and not abstract," Strubel v. Comenity Bank, 842 F.3d 181, 188 (2d Cir. 2016). The Court in TransUnion held that "under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court," TransUnion, supra, 141 S.Ct. at 2205 (emphasis in original). Or as summarized in that decision, "no concrete harm, no standing," id. at 2200, 2214.

### 3. New York Labor Law

Under Article 6 for Payment of Wages of the New York Labor Law, New York State requires employers to make weekly payments of manual workers' salaries "and no later than seven calendar days after the end of the week in which the wages are earned," N.Y. Labor Law § 191(1)(a). An employer with one thousand employees or more may be authorized by the New York State Commissioner of Labor to pay its employees less frequently than weekly but not less frequently than semi-monthly, id. This waiver is not alleged here (see Docket No. 1, Compl. ¶¶ 2-3).

The remedies provision of Article 6 states that

> "In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due, except such liquidated damages may be up to three hundred percent of the total amount of the wages found to be due for a willful violation of section one hundred ninety-four of this article."

N.Y. Labor L. § 198(1-a) (see Docket No. 13, Def. Memo. at 5; Docket No. 17, Pl. Memo. at 3).

New York States courts (and federal courts in this state applying New York Labor Law) disagree whether there is a private right of action for violation of § 191, compare e.g., Beh v. Community Care Companions Inc., No. 19CV1417, 2021 WL 3914297, at *2-3 (W.D.N.Y. Feb. 1, 2021) (Scott, Mag. J.) (Order granting leave to amend to add untimely payment of wages claim, despite argument of state cases rejecting Vega), adopted, 2021 WL 3914320 (W.D.N.Y. June 23, 2021) (Sinatra, J.), and Caul v. Petco Animal Supplies, Inc., No. 20-CV-3534, 2021 WL 4407856, at *2, 3-4 (E.D.N.Y. Sept. 27, 2021) (following Vega and holding existence of private right of action, listing pre-Vega state cases rejecting private right of action), with Vega v. CM & Assocs. Constr. Mgmt., LLC, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019) (New York Labor Law permits employees to seek liquidated damages for untimely payment of wages); see also Katz v. Equinox Holdings, Inc., No. 20-CV-9856 (VEC), 2022 WL 1292262, at *5 (S.D.N.Y. Apr. 29, 2022) (while lower New York State courts held otherwise, federal courts consistently recognized right of action, citing cases).  The New York State Court of Appeals has not resolved this dispute.

This dispute also is reflected in the supplemental authorities cited by the parties (Docket Nos. 19, 20, 21, 22), compare Mabe v. Wal-Mart Assocs., Inc., No. 1:20-cv-00591, 2022 WL 874311 (N.D.N.Y. Mar. 24, 2022) (right of action under § 191 exists); Elhassa v. Hallmark Aviation Servs., L.P., No. 21CV9768, 2022 WL 563264 (S.D.N.Y. Feb. 24, 2022) (same) (Docket No. 20, Pl. Supp'al Auth.); Gillett v. Zara USA, Inc., No. 20 Civ. 3734, 2022 WL 3285275, at *10-12 (S.D.N.Y. Aug. 10, 2022) (Docket No. 22, Pl. [3d] Supp'al Auth.) (same) with Konkur v. Utica Academy of Science Charter School, 38 N.Y.3d 38, 165 N.Y.S.3d 1 [2022 WL 397774] (2022) (no right of action for violation of

7

analogous Labor Law provision) (Docket No. 19, Def. Supp'al Authorities, Ex. A); see also Rodriguez v. Williams-Sonoma, Inc., No. 22CV2436, Docket Nos. 23 (minute entry), 24 (transcript) (E.D.N.Y. Aug. 5, 2022) (holding plaintiff alleged standing for his Labor Law § 191 claims but notes open question on existence of private right of action under § 191) (Docket No. 21, Pl. [2d] Supp'al Auth.).

    B. Parties' Contentions

Defendant contends that Plaintiff (and her class) lacked standing under Article III because she does not allege concrete or particularized harm to satisfy Article III's injury-in-fact requirement (Docket No. 13, Def. Memo. at 17-18), see Spokeo, Inc., supra, 578 U.S. at 341.  Defendant also denies that any particularized harm occurred in the manner of paying salaries because New York Labor Law § 191(1)(a)(ii) also authorizes the Commissioner of Labor to waive the weekly pay requirement (id. at 17; see Docket No. 17, Def. Reply Memo. at 5).  Neither party, however, claims that the Commissioner granted a waiver to Jo-Ann Stores from the weekly manual pay requirement.

Plaintiff argues that she (and her class) has standing (Docket No. 17, Pl. Memo. at 4-5), see Caul, supra, 2021 WL 4407856; see also Porsch v. LRR, Inc., 380 F. Supp.3d 418, 424-25 (S.D.N.Y. 2019) (plaintiff has standing to contest wrongfully collected sales tax despite receiving full refund from defendant's voluntary program, where temporary deprivation of money constitutes a sufficient injury-in-fact).

In reply, Defendant denies that a one-week delay in paying salary constitutes concrete harm for standing purposes (Docket No. 18, Def. Reply Memo. at 5-6).  The New York State Legislature intended Labor Law § 191 to address non-payment of wages rather than a week delay in payment (id. at 5; Docket No. 13, Def. Atty. Decl. Ex. E, Bill

Jacket for N.Y. L. 1935, ch. 9, amending Labor Law, now N.Y. Labor L. § 191). Defendant concludes that Plaintiff has not plausibly alleged "concrete and particularized harm" (Docket No. 18, Def. Reply Memo. at 6).

Defendant also denies that Labor Law § 191(1) established a private right of action (Docket No. 13, Def. Memo. at 4-15) because that section does not provide an express (id. at 4-12) or implied right of action (id. at 12-15). Further, Defendant contends that New York Labor Law § 198 creates a right of action only for alleged underpayment of salary, N.Y. Labor Law § 198(1-a), but that does not occur when a manual worker is paid biweekly (id. at 4-5).

Defendant claims that Plaintiff also has not alleged any actual damages or lost wages although she now seeks liquidated damages (id. at 4; see id. at 15-17 (urging dismissal of liquidated damages claims)).

Plaintiff, however, relies upon the First Department's holding in Vega, supra, 175 A.D.3d 1144, 107 N.Y.S.3d 286, that there is a private right of action under Labor Law § 191(1) (id. at 5-11). She contends that late payment of wages gives rise to this private right of action (id. at 11-17). Plaintiff concludes that Defendant's delayed payments do not exempt Defendant from liquidated damages (id. at 18-21).

Both sides submitted supplemental authorities (Docket Nos. 19 (Defendant), 20, 21, 22 (Plaintiff)). Defendant cites the New York Court of Appeals' decision in Konkur, supra, 38 N.Y.3d 38, 165 N.Y.S.3d 1 (Docket No. 19, Def. Supp'al Auth., Ex. A), contending that Konkur reaffirms that there is no private right of action under Labor Law § 191(1), because the court affirmed the Appellate Division, Fourth Department in Konkur v. Utica Academy of Science Charter School, 181 A.D.3d 1271, 121 N.Y.S.3d 759 (4th

9

Dep't 2020) (id. at 1-2; Docket No. 13, Def. Memo. at 4, 7, 14).  Defendant thus concludes that the New York State Court of Appeals would not find a private right of action under § 191(1), a provision related to § 196-b that the Court of Appeals held in Konkur did not create a private right of action (Docket No. 19, Def. Supp'al at 2-3).

Plaintiff supplements with four federal cases, Mabe, supra, 2022 WL 874311, Elhassa, supra, 2022 WL 563264, Rodriguez, supra, No. 22CV2436, and Gillett, supra, 2022 WL 3285275 (Docket No. 20, Pl Supp'al Auth. at 1; Docket No. 21, Pl. [2d] Supp'al Auth.; Docket No. 22, Pl. [3d] Supp'al Auth.).  Two cases (Mabe and Elhassa) reject Defendant's present reliance upon Konkur to preclude a private right of action under § 191 (Docket No. 20, Pl. Supp'al at 1).  Plaintiff cites the decision in Rodriguez for holding that plaintiff Gabriel Rodriguez alleged Article III standing from the loss of money due to delayed wage payments (Docket No. 21, Pl. [2d] Supp'al at 1, Ex. B, Tr. at 21-22).  Plaintiff then cites Gillett for holding that plaintiff Latrell Gillett (and other potential class members) had Article III standing for his Labor Law § 191 claim, that a private right of action exists under § 191, and that liquidated damages are available relief for that action (Docket No. 22, Pl. [3d] Supp'al Auth. at 1-2).

This Court first determines whether Plaintiff has asserted Article III standing to proceed here.  If so, the next issue would be whether New York Labor Law § 191 creates a private cause of action against a non-compliant employer.

C.  Article III Standing

Article III and its standing requirements do not require a federal cause of action to determine standing in this Court; the Constitution governs whether a case or controversy is alleged for standing and jurisdiction, see Warth, supra, 422 U.S. at 498; Spokeo, supra,

578 U.S. at 338.  The doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for legal wrongs," Spokeo, supra, 578 U.S. at 338 (citations omitted).  While the substance of claims in diversity are determined by state law, the constitutional authority for a litigant to raise them in this forum (and this Court's ability to hear them) arise from the United States Constitution.

The Eastern District of New York in the class action Caul v. Petco Animal Supplies (cited by Plaintiff, Docket No. 17, Pl. Memo. at 4-5) considered allegations like those made here, 2021 WL 4407856.  There, employee Aishaya Caul sued Petco claiming that she (and alleged class members) performed manual labor but was paid biweekly rather than weekly as required by Labor Law § 191, seeking liquidated damages, Caul, supra, 2021 WL 4407856 at *1.  Caul, however, did not allege the extent of her harm from this wage payment scheme.

Petco and the other defendants moved to dismiss Caul's claims for failure to state a claim, arguing that there was no cause of action under § 191 for failing to pay workers on a weekly basis and in resisting application of a private right of action under Labor Law § 191, Petco also argued that Caul lacked Article III standing to assert such an action, id. at *1, 4.

The district court there was not persuaded by Petco's standing argument on two grounds.  First, that case (as the present action here) arose under state statutes and not federal ones, id. at *4.  The district court implied that Article III standing rules (such as narrow construction of claims) applied only to those arising under federal statutes, id.  A litigant's authority to raise a claim in federal court (and this Court's jurisdiction arising in that action), however, does not depend upon whether the substantive law is under federal

11

or state law, as shown by other courts applying Article III standing rules to alleged state law claims, e.g., Elhassa, supra, 2022 WL 563264, at *1, 2 (Article III standing challenged in New York Labor Law § 191 claim); Rosario v. Icon Burger Acquisition LLC, No. 21-CV-4313, 2022 WL 198503, at *1-2 (E.D.N.Y. Jan. 21, 2022) (same) [2].

Second, the court in Caul held that the late payment of wages was a concrete harm, Caul, supra, 2021 WL 4407856, at *4, that the temporary deprivation of money or the loss of its time value is concrete deprivation and constitutes a sufficient injury in fact, id. (quoting Porsch, supra, 380 F. Supp.3d at 424, citing Habitat Educ. Ctr. v. U.S. Forest Serv., 607 F.3d 453, 457 (7th Cir. 2010) (Posner, J.) (loss of use of money deposited as bond for preliminary injunction grants plaintiff standing to challenge bond order)); see also Elhassa, supra, 2022 WL 563264, at *2; Rosario, supra, 22 WL 198503, at *1-2, 3 (noting that motion for interlocutory appeal of Caul order was denied); Rodriguez, supra, No. 22CV2436 (Docket No. 21, Pl. [2d] Supp'al Auth. Ex. B, Tr. of Aug. 5, 2022, at 21-22) (late payment is injury in fact for standing).

Other courts join in concluding that alleging the temporary delay in payment was sufficient for stating an injury in fact for standing purposes.  In Rodriguez (Docket No. 21, Pl. [2d] Supp. Auth.), Gabriel Rodriguez alleged that he was harmed by not being paid weekly from the time value of unpaid money, that he could have invested or earned interest on that unpaid salary (Docket No. 21, Pl. [2d] Supp'al Auth. Ex. B, Tr. of Aug. 5, 2022, at 10, 6).  Rodriguez alleged that "for half of each biweekly pay period, Plaintiff has been injured in that he was temporarily deprived of money owed to him, and he could not invest, earn interest on, or otherwise use these monies that were rightfully his.

---

[2] This Court notes that Rosario's counsel is the same as Plaintiff's counsel in this case and in Rodriguez.

Accordingly, every day that said money was not paid to him in a timely fashion, he lost the time value of that money," Rodriguez, supra, No. 22CV2436, Docket No. 1, Compl. ¶ 11.  Rodriguez, however, had not alleged his banking practices and his counsel argued that how Rodriguez might invest or use his money was hypothetical (Docket No. 21, Pl. [2d] Supp'al Auth. Ex. B, Tr. at 7-9).  The court denied Williams-Sonoma's Motion to Dismiss on standing ground but sought additional briefing on whether there is a private right of action under Labor Law § 191 (id., Tr. at 23-25, id., Ex. A, minute entry, Docket No. 23).

In Gillett (Docket No. 22, Pl. [3d] Supp. Auth.), plaintiff Latrell Gillett alleged wage and hour claims under New York Labor Law §§ 195, 198, 650-65, and 191, and the federal Fair Labor Standards Act, Gillett, supra, 2022 WL 32852275, at *1.  In alleging defendants' failure to pay overtime to plaintiff and his putative class, Gillett also claims that defendants failed to pay them timely wages in violation of New York Labor Law § 191 and supporting regulations, Gillett, No. 20 Civ. 3734, Docket No. 47, Am. Compl. ¶ 80; see id. ¶¶ 7-9, 64-66, Ex. B, entitling Gillett to recover the untimely paid wages as liquidated damages, id. ¶ 82.  As a class, Gillett contends that they were untimely compensated, id. ¶ 53.  Gillett, however, does not expressly state the harm suffered from being paid biweekly, cf. id.

Defendant Zara USA argued that Gillett failed to allege what injury in fact he suffered from being paid biweekly rather than weekly, Gillett, supra, 2022 WL 3285275, at *5. Gillett responded that his tangible injury was the temporary deprivation of money and the court agreed he alleged sufficient facts for standing, id. at *5-6, 4.  "Irrespective of the fact that Plaintiff ultimately received the entire sum of wages he was owed, this

delay of payment, in and of itself, constitutes a concrete harm that suffices for purposes of Article III," id. at *6, accepting as an injury the temporary withholding of money, "an injury Plaintiff purportedly suffered each pay period he worked for Defendants," id. "Framed differently, each time Plaintiff received late compensation for the work he performed, Defendants underpaid him for the work he performed," id.  The court held a cognizable injury occurred despite "the economic harm may amount to a relatively meager sum in absolute terms does not relegate Plaintiff's injury in fact beyond the bounds of Article III," id.; see Czyzewski v. Jevic Holding Corp., 580 U.S. 451, __, 137 S.Ct. 973, 983, 197 L.Ed.2d 398 (2017) (for standing purposes, "a loss of even a small amount of money is ordinarily an 'injury'"); McGowan v. Maryland, 366 U.S. 420, 430-31, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961) ($5 fine plus costs is sufficient injury for standing to assert Establishment Clause challenge).

The Gillett court distinguished Rosado, 2022 WL 198503, finding that Gillett's "Amended Complaint establish[ed] that Plaintiff here was deprived of the time value of the money that Defendant illegally delayed.  As such, Plaintiff has suffered an injury in fact for which he may seek redress in federal courts," Gillett, supra, 2022 WL 32852275, at *7.  The court concluded the Gillett suffered a concrete injury in fact giving him Article III standing, id.  The court then held that New York Labor Law § 191 has a private right of action to enforce the weekly wage payment requirement, id. at *11-12, 1, 4.

If this Court accepts irregular or delayed payment as a concrete harm due to the loss of money or the loss of the time value of money, Plaintiff needs to state his loss of money or time value due to the delayed payment.  While agreeing with Caul that a manual worker suffered concrete harm to confer standing by being paid biweekly rather than

14

weekly, the Rosario court found that plaintiff Joseph Rosario's "barebones Amended Complaint contain[ed] no facts from which the Court could plausibly conclude that Plaintiff actually suffered the sort of harm that would entitle him to relief," Rosario, supra, 2022 WL 198503, at *3.  Rosario's Amended Complaint merely alleged that Defendant failed to pay Rosario and members of his class on a timely basis under the Labor Law and they thus were entitled to damages, id.  The court held that this pleading was "insufficient under TransUnion and Maddox[3]," and ordered Rosario to file a Second Amended Complaint, id. at *3, 4.  As "Maddox makes clear, a plaintiff must 'plead enough facts to make it plausible that [he] did indeed suffer the sort of injury that would entitle [him] to relief.'  19 F.4th at 65-66 (quoting Harry v. Total Gas & Power N. Am., Inc., 889 F.3d 104, 110 (2d Cir. 2018))," Rosario, supra, 2022 WL 198503, at *3.  Rosario had not, for example, alleged loss of interest or reduction in the time value of unpaid salaries due to the biweekly payment to state the harm suffered, id. (cases cited).  The Rosario court concluded that "Maddox underscores that, absent factual allegations that the plaintiff forewent the opportunity to invest or otherwise use the money to which he was legally entitled, he cannot plausibly claim he suffered a harm sufficiently concrete to establish Article III standing," id.  The court directed Rosario to amend the Complaint again to state the harm he and the class members endured from biweekly payments, id. at *3-4.

  While the court in Caul held that the plaintiff stated a claim for untimely wages under Labor Law § 191 and plaintiff had Article III standing to raise that claim, Caul, supra, 2021 WL 4407856, at *2-4, 4, that court did not consider whether Caul's Complaint sufficiently alleged harm from biweekly (rather than weekly) payment that the court in

---

[3] Maddox v. Bank of N.Y. Mellon Trust Co., 19 F.4th 58 (2d Cir. 2021).

15

Rosario insisted upon, cf. id. at *1, despite any similarity in the allegations of violation of Labor Law § 191.  Caul's Complaint alleged that defendants failed to pay a weekly wage, Caul v. Petco Animal Supplies, Inc., No. 20cv3534, Docket No. 1 Compl. ¶¶ 4-5, 40-42, 45-47, Ex. A, but not expressly alleging what injury arose from defendants paying her biweekly rather than weekly.

On the other hand, Judge Gary Brown recently held in Rodriguez that the allegation there of Plaintiff's loss of the time value of his late paid salary was sufficient that there was "some inferential basis to believe that there is some loss" for standing (Docket No. 21, Ex. B, Tr. at 22), see also Gillett, supra, 2022 WL 3285275, at *7.  In a portion of paragraph 11 of Rodriguez' Complaint quoted above, Rodriguez alleged that he lost money owed to him, interest and investment opportunities, and the time value of the unpaid wages, Rodriguez, supra, Docket No. 1, Compl. ¶ 11 (but cf. Docket No. 1, Compl. ¶ 11).

This Court also read Gillett's Amended Complaint, Gillett, supra, Docket No. 47.  The allegations there are like those asserted by Rath in the present case (and Rosado originally in his case, Rosado, supra, 2022 WL 198503, at *3, No. 21 CV 4313, Docket No 11, Am. Compl., but cf. Rosado, supra, Docket No. 26, 2d Am. Compl. ¶¶ 11-13[4]), that they each were paid biweekly without expressly stating the injury arising therefrom.

In Plaintiff Wendy Rath's present case, she merely alleges Defendant's failure to make timely, weekly payments of her salary (as well as the salaries of the class members) (Docket No. 1, Compl. ¶¶ 11, 20) without alleging the consequence of biweekly pay as

---

[4] Defendant in Rosado moved to dismiss the Second Amended Complaint, arguing that Rosado failed to offer additional allegations of his losses and lost opportunities due to receiving biweekly payments to allege sufficiently an injury in fact for Article III standing, Rosado, supra, Docket No. 32, Def. Memo. at 6-11.  That Motion to Dismiss is pending.

16

Rodriguez did in his Complaint. Rath does not explicitly allege, however, any loss in the time value of those unpaid weekly wages or loss of interest from what she perceived as late paid salary. She does not claim, for example, that she would have invested her weekly salary had she been paid in a proper manner. Thus, what is left unstated is how Plaintiff was harmed by the up to one week delay while being paid biweekly. Rath's present allegation is incomplete to allege harm to satisfy standing requirements.

D. Leave to Amend

Rather than either dismissing this action due to Plaintiff's failure to allege sufficiently harm for Article III standing or deciding here whether New York Labor Law § 191 creates or implies a right of action for those manual workers like Plaintiff who should have been paid weekly, this Court terminates Defendant's Motion to Dismiss (Docket No. 13).

Instead, Plaintiff ought to have the opportunity to amend her Complaint to allege whatever harm she suffered from not being paid on a weekly basis. Following the example of the District Court in Rosario, supra, 2022 WL 198503, at *1, 3-4, this Court grants Plaintiff Rath the opportunity to amend her Complaint to allege the harm she (and class members) suffered by Defendant paying her biweekly rather than weekly to establish her (and the class's) standing to sue in federal court as manual workers.

If Plaintiff files the Amended Complaint and standing is established, the next issue considered would be whether New York Labor Law § 191 creates or implies a right of action (see Docket No. 21, Pl. [2d] Supp'al Auth., Ex. B, Tr. at 23-26).

As for this purported private right of action, this Court noted above the trend after Vega, supra, 175 A.D.3d 1144, 107 N.Y.S.3d 286, from other federal and state courts

that recognize the existence of this right of action but there remains a split in opinions of state trial and appellate courts on its existence, e.g., Gillett, supra, 2022 WL 3285275, at *10-12.  The New York State Court of Appeals, however, has not definitively resolved this issue.  Whether there exists a private right of action under Labor Law § 191 to enforce its terms need not be decided on this Motion to Dismiss absence resolution of Plaintiff's standing.  Resolution of this question in this case awaits Plaintiff's amended pleading and Defendant's reaction to the Amended Complaint.

If Plaintiff (or her alleged class) fails to allege facts of harm due to not being paid on a weekly basis or does not seek leave to amend, she will lack standing and this Court will lack jurisdiction to hear this case.  If Plaintiff does not seek leave to amend, Defendant may move to renew its Motion to Dismiss (Docket No. 13).

Thus, this Court directs Plaintiff to amend the Complaint to allege her standing to sue by alleging whatever harm she (and her purported class) endured from Defendant's wage payment policy.

## IV.   Conclusion

Plaintiff (and the putative class of her fellow Jo-Ann Stores manual laborers) may have standing to sue in federal court for violation of New York Labor Law § 191 provided she sufficiently alleges harm from the violation.  Plaintiff is given leave to amend the Complaint to assert the harm she (and other class members) suffered from being paid biweekly rather than weekly beyond the barebones allegation she made that she was not paid as required by New York Labor Law.

Plaintiff has 28 days from entry of this Decision and Order to serve and file her Amended Complaint. Defendant then has 28 days from that service and filing of the amended pleading to answer or otherwise respond to it.

This Court will not address now whether Plaintiff states a private right of action under New York Labor Law § 191. That question may be addressed once Plaintiff's standing (thus an aspect of this Court's jurisdiction) is established.

If Plaintiff declines to amend her Complaint, Defendant may renew its Motion to Dismiss (Docket No. 13). Otherwise, Defendant's Motion to Dismiss (id.) is terminated.

## V.     Orders

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 13) is TERMINATED.

FURTHER, Plaintiff shall file and serve an Amended Complaint (consistent with this Decision and Order) within twenty-eight (28) days of entry of this Decision and Order.

FURTHER, Defendant shall answer or otherwise respond to the Amended Complaint within twenty-eight (28) days from the date of its service and filing.

FURTHER, if Plaintiff declines to amend her Complaint, Defendant may renew this Motion to Dismiss (Docket No. 13).

SO ORDERED.

Dated:     August 26, 2022
           Buffalo, New York

                                              s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge