UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WENDY RATH, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>JO-ANN STORES, LLC,<br><br>      Defendant. | Civil Action No. 1:21-cv-00791-WMS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

## <u>NATURE OF THE ACTION</u>

1. This is a class action on behalf of all of Defendant Jo-Ann Stores, LLC's ("Defendant") employees in the State of New York that engage in manual work in the course of their employment.

2. New York Law requires companies to pay their manual workers on a weekly basis unless they receive an express authorization to pay on a semi-monthly basis from the New York State Department of Labor Commissioner.  *See* New York Labor Law ("NYLL"), Article 6, §191.

3. On information and belief, Defendant has received no such authorization from the New York State Department of Labor Commissioner.

4. The New York Court Of Appeals has explained that this law is "intended for the protection of those who are dependent upon their wages for sustenance." *People v. Ventri*, 309 N.Y. 401, 405 (citing former Labor Law § 196).

5. Defendant has violated this law by paying its manual workers every other week rather than on a weekly basis.

6. Plaintiff therefore demands liquidated damages, interest, and attorneys' fees on

behalf of herself and a putative class comprised of all manual workers employed by Defendant in New York State over the last six years.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendant because Defendant conducts business in New York. Defendant owns and operates numerous store locations within New York.

8. This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

10. Defendant Jo-Ann Stores, LLC is an Ohio limited liability company with a principal place of business at 5555 Darrow Road, Hudson, Ohio. Defendant owns a chain of fabric and craft stores that employs thousands of manual workers in the State of New York.

11. Plaintiff Wendy Rath is a citizen of New York who resides in Corfu, New York. Plaintiff was employed by Defendant as a Casual Team Member from July 2019 to January 2021 at a Jo-Ann's Fabric & Crafts store located in Batavia, New York, and from January 2021 to

June 2021 at a Jo-Ann's Fabric & Crafts store located in Williamsville, New York.  More than

25% of Plaintiff's job responsibilities at Jo-Ann's included manual labor, including tasks such as

cutting fabrics for customers, stocking inventory, working on the sales floor assisting customers,

and working the cash register.  Plaintiff was paid every other week, rather than weekly, during

the entirety of her employment with Defendant.  Thus, for half of each biweekly pay period,

Plaintiff was injured in that she was temporarily deprived of money owed to her, and she could

not save, invest, earn interest on, or otherwise use these monies that were rightfully hers.

Accordingly, every day that said money was not paid to her in a timely fashion, she lost the time

value of that money.

       12.    Additionally, every time Plaintiff received late compensation for the work that she

performed, Defendant underpaid her for the work she performed.  Every time that Defendant

failed to pay Plaintiff and Class Members their wages earned within seven days of the end of

their workweeks, Defendant deprived them of the use of money that belonged to them.  As a

result, Plaintiff and Class Members were unable to do those things that every person does with

their money, such as paying bills or buying goods that she needed or wanted to buy.

       13.    By way of example, these delayed wages prevented Plaintiff and Class Members

from spending money earned on a host of everyday expenses and to provide for their basic needs

including, but not limited to, purchasing food and groceries, rent or mortgage payments, gas or

heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for

vehicles, and other basic living expenses.

       14.    Moreover, Defendant's delayed payment of wages forced Plaintiff and Class

Members to forgo purchasing goods and services until a later time after their receipt of their late

paid wages.  Because of inflation, being an ever increasing scourge throughout the class period,

Plaintiff and Class Members were required to pay increased prices for the goods and services that they otherwise would have been purchased at an earlier date were their wages lawfully paid on a weekly basis.

15.     By retaining these wages earned beyond the timeframes set by NYLL § 191, Defendant benefitted from the time value of money and its free use of such funds, at the expense of Plaintiff and Class Members.  For example, during the interval of these delayed wage payments, Defendant was free to utilize those funds to purchase goods and services, pay rent or mortgages on its retail stores, pay installment payments and purchase fuel for its company-owned vehicles, pay for marketing and other business expenses, and accrue interest on those funds in its business accounts.

16.     Throughout her employment, Plaintiff suffered significant harm because of Defendant's pay practices.  For example, because Defendant failed to pay her wages earned within seven days of the end of her workweeks, (1) Plaintiff was unable at times to timely pay all or portions of her cable bill, phone bill, utilities bill, and rent payments, and thereby incurred late fee penalties as a result.  Plaintiff has suffered an additional loss of the use of her money, even after it was paid by Defendant, as she was forced to expend those funds to pay these late fees and costs due to Defendant's delayed payment of wages.  Additionally, Plaintiff was unable to use her earned money to purchase goods and services because she lacked access to her wages until a later date.  These harms, including the additional fees and costs accrued, would not have been incurred if Plaintiff's wages were timely paid in accordance with NYLL § 191.

## CLASS ACTION ALLEGATIONS

17.     Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to represent a class defined as all persons employed by Defendant in the State of New York over the last six years who (1) earned nine hundred dollars a week or less; and/or (2) did not have the authority to hire and fire other

4

employees (the "Class").  Members of the Class include, but are not limited to, persons

employed by Defendant in the following capacities: Assistant Store Managers, Cashiers, Cutting

Counter Specialists, Framing Specialists, Inventory Coordinators, Key Holders, Picking and

Packing Specialists, Stockers, Team Members, and Warehouse Workers, and other hourly-paid

employees who perform similar physical tasks.  Excluded from the class are salaried, executive

employees, and those responsible for hiring and/or firing employees that are also paid in excess

of nine hundred dollars a week.

18.     Class members were required to spend more than 25% of their time engaged in

physical labor in their employment with Defendant.

19.     Members of the Class are so numerous that their individual joinder herein is

impracticable.  On information and belief, members of the Class number in the thousands.  The

precise number of Class members and their identities are unknown to Plaintiff at this time but

may be determined through discovery.  Class members may be notified of the pendency of this

action by mail and/or publication through the employment records of Defendant.

20.     Common questions of law and fact exist as to all Class members and predominate

over questions affecting only individual Class members.  Common legal and factual questions

include, but are not limited to:  whether Defendant was required to pay class members on a

weekly basis, whether class members were paid on a weekly basis, and whether Defendant

violated NYLL § 191.

21.     The claims of the named Plaintiff are typical of the claims of the Class in that the

named Plaintiff worked as a manual worker for Defendant during the class period but was not

provided with compensation for her work on a weekly basis.

22.     Plaintiff is an adequate representative of the Class because her interests do not

conflict with the interests of the Class members she seeks to represent, she has retained

competent counsel experienced in prosecuting class actions, and she intends to prosecute this

action vigorously.  The interests of Class members will be fairly and adequately protected by

Plaintiff and her counsel.

       23.     The class mechanism is superior to other available means for the fair and efficient

adjudication of the claims of the Class members.  Each individual Class member may lack the

resources to undergo the burden and expense of individual prosecution of the complex and

extensive litigation necessary to establish Defendant's liability.  Individualized litigation

increases the delay and expense to all parties and multiplies the burden on the judicial system

presented by the complex legal and factual issues of this case.  Individualized litigation also

presents a potential for inconsistent or contradictory judgments.  In contrast, the class action

device presents far fewer management difficulties and provides the benefits of single

adjudication, economy of scale, and comprehensive supervision by a single court on the issue of

Defendant's liability.  Class treatment of the liability issues will ensure that all claims and

claimants are before this Court for consistent adjudication of the liability issues.

## **CLAIMS FOR RELIEF**

## **COUNT I**

### **New York Labor Law – Failure to Pay Timely Wages**

       24.     Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

       25.     The timely payment of wages provisions NYLL § 191 and its supporting

regulations apply to Defendant and protect Plaintiff and the Class.

       26.     Defendant failed to pay Plaintiff and the Class on a timely basis as required by

NYLL § 191(1)(a).

27.     Due to Defendant's violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as a representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b.     For an order declaring Defendant's conduct violates the law referenced herein;

c.     For an order finding in favor of Plaintiff and the Class on the count asserted herein;

d.     For liquidated damages in amounts to be determined by the Court and/or jury;

e.     For prejudgment interest on all amounts awarded; and

f.     For an order awarding Plaintiff and the Class their reasonable attorneys' fees, expenses, and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  September 8, 2022                         Respectfully Submitted,

_/s/ Yitzchak Kopel_

**CONNORS LLP**
Andrew M. Debbins
1000 Liberty Building
Buffalo, NY  14202
(716) 852-5533
amd@connorsllp.com

**BURSOR & FISHER, P.A**
Yitzchak Kopel
Alec M. Leslie
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email:  ykopel@bursor.com
            aleslie@bursor.com

*Counsel for Plaintiff*