UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WENDY RATH, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

                                    Plaintiff,

        v.                                                          **DECISION AND ORDER**
                                                                    21-CV-791S
JO-ANN STORES, LLC,

                                    Defendant.

## I.        Introduction

In this diversity action Plaintiff (for herself and a class of similarly situated employees) contends that Defendant Jo-Ann Stores, LLC, paid her biweekly, rather than weekly as required for a manual worker such as her, violating New York Labor Law § 191 (Docket No. 24, First Am. Compl.; see Docket No. 1, Compl.).

Defendant moved to dismiss the original Complaint, arguing in part that Plaintiff lacked Article III standing (Docket No. 13).  On August 26, 2022, this Court terminated that Motion to Dismiss and granted Plaintiff leave to amend her Complaint to allege her standing, Rath v. Jo-Ann Stores, LLC, No. 21CV791, 2022 WL 3701163 (W.D.N.Y. Aug. 26, 2022) (Skretny, J.) (Docket No. 23); familiarity with that Decision is presumed. That earlier Decision left open the question whether Labor Law § 191 has a private right of action.

Plaintiff then filed her Amended Complaint (Docket No. 24, First Am. Compl.), expressly stating her grounds for standing (id. ¶¶ 11-16).  Defendant does not now challenge Plaintiff's standing (cf. Docket No. 25, Def. Memo. at 2 (accepting alleged facts

as true for purposes of Motion)).  Plaintiff alleges Defendant's violation of Labor Law § 191, seeking (among other relief) liquidated damages under Labor Law § 198(1-a) (Docket No. 24, First Am. Compl.).

Currently before this Court is Defendant's Motion to Dismiss this Amended Complaint and to dismiss her claim therein seeking liquidated damages (Docket No. 25[1]). Responses to this Motion were due by October 25, 2022, and reply by November 1, 2022 (Docket No. 26).  Upon the timely submissions of both sides, the Motion was deemed submitted without oral argument.  This Court also considers the relevant arguments made in Defendant's initial Motion to Dismiss the original Complaint[2].

The remaining questions are whether New York Labor Law § 191 establishes a private right of action and, if so, can Plaintiff claim liquidated damages.  On the first point, both sides present competing New York State and federal court precedents on the existence of this private right of action based upon other courts accepting the First Department's decision in Vega v. CM & Associates Construction Management, LLC, 176 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019).

For reasons stated herein, Defendant's Motion to Dismiss the Amended Complaint and deny Plaintiff's claim for liquidated damages (Docket No. 25) is **denied**.

---

[1]In support of the pending Motion to Dismiss, Defendant submits its attorney's Declaration with exhibits and Memorandum of Law, Docket No. 25, and its Reply Memorandum of Law, Docket No. 30.

In opposition, Plaintiff submits her Memorandum of Law in opposition, Docket No. 27; her attorney's Declaration with exhibits, Docket No. 28; and supplemental authority, Docket No. 29.

[2]Docket Nos. 13, 17, 18, 19, 20-22.

## II.    Background

### A.  Alleged Facts

According to the Complaint (Docket No. 1) and the First Amended Complaint (Docket No. 24), Defendant failed to pay Plaintiff and the putative class of manual workers on a timely basis by paying them biweekly rather than weekly as required by Labor Law § 191(1).   Plaintiff seeks to recover the amount of untimely paid wages as liquidated damages, attorney's fees, costs, pre- and post-judgment interest.  (Docket No. 24, First Am. Compl. ¶¶ 25-27.)

Plaintiff was employed by Defendant at its Batavia, New York, Fabric & Crafts store from July 2019 to January 2021 then at its Williamsville, New York, store from January to June 2021 (id. ¶ 11).  She claims that at least a quarter of her job responsibilities included manual labor (such as cutting fabrics for customers, stocking inventory, and working on the sales floor and at the cash register) (id.).  She was paid biweekly and Plaintiff now alleges the harm from the late payment of her weekly wages to establish her standing to sue in this Court (id. ¶¶ 11, 12-16).  Defendant also does not argue that Plaintiff lacks standing as alleged in her First Amended Complaint.

The Complaint also alleges a class of all persons who worked as manual workers for Defendant in New York for six years before July 13, 2021 (when Plaintiff filed her Complaint) (id. ¶ 12).

### B.  Proceedings

Defendant moved to dismiss the Complaint (Docket No. 13) arguing that Labor Law § 191 does not have a private right of action and Plaintiff failed to allege standing for proceeding in this Court (id., Def. Memo. at 4-15, 17).  It alternatively argued that Plaintiff

is not entitled to liquidated damages (id. at 15-17).  This Court's August 26, 2022, Decision terminated that Motion and ordered Plaintiff to amend her Complaint to allege grounds for her standing, Rath, supra, 2022 WL 3701163.

After Plaintiff amended her Complaint (Docket No. 24, First Am. Compl.), Defendant promptly filed the present Motion to Dismiss the First Amended Complaint (Docket No. 25).

### III.     Discussion

A.  Applicable Standards

1.  Motion to Dismiss

As previously observed, Rath, supra, 2022 WL 3701163, at *2, under Rule 12(b)(6), this Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46).

To survive a Motion to Dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555.  As reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

> reasonable inference that the defendant is liable for the misconduct alleged.
> Id., at 556 . . . . The plausibility standard is not akin to a 'probability
> requirement,' but it asks for more than a sheer possibility that a defendant
> has acted unlawfully.  Ibid.  Where a complaint pleads facts that are 'merely
> consistent with' a defendant's liability, it 'stops short of the line between
> possibility and plausibility of "entitlement to relief."'  Id., at 557 . . . (brackets
> omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) Motion is addressed to the face of the pleading.  The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference, Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985).

In considering such a Motion, the Court must accept as true all the well pleaded facts alleged in the Complaint.  Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985).  However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true.  New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

2.  New York Labor Law and Payment of Wages

a.  Labor Law § 191 and Its Enforcement

Again as previously noted, Rath, supra, 2022 WL 3701163, at *3-5, under Article 6 for Payment of Wages of the New York Labor Law New York State requires employers to make weekly payments of manual workers' salaries "and no later than seven calendar days after the end of the week in which the wages are earned," N.Y. Labor Law § 191(1)(a).  An employer with one thousand employees or more may be authorized by the New York State Commissioner of Labor to pay its employees less frequently than

5

weekly but not less frequently than semi-monthly, id.; this waiver is not alleged here (see

Docket No. 24, First Am. Compl. ¶¶ 2-3).

Section 198 creates a cause of action for an employee or the New York State

Labor Commissioner to recover the full amount of any underpayment, liquidated

damages, with reasonable attorneys' fees, prejudgment interest.  That section, the

remedies provision of Article 6 states that

> "In any action instituted in the courts upon a wage claim by an employee or
> the commissioner in which the employee prevails, the court shall allow such
> employee to recover the full amount of any underpayment, all reasonable
> attorney's fees, prejudgment interest as required under the civil practice law
> and rules, and, unless the employer proves a good faith basis to believe
> that its underpayment of wages was in compliance with the law, an
> additional amount as liquidated damages equal to one hundred percent of
> the total amount of the wages found to be due, except such liquidated
> damages may be up to three hundred percent of the total amount of the
> wages found to be due for a willful violation of section one hundred ninety-
> four of this article."

N.Y. Labor L. § 198(1-a) (see Docket No. 25, Def. Memo. at 17 (emphasis removed);

Docket No. 13, Def. Memo. at 5; Docket No. 17, Pl. Memo. at 3); Gottlieb v. Kenneth D.

Laub & Co., 82 N.Y.2d 457, 459, 605 N.Y.S.2d 213, 214-15 (1993); see Konkur v. Utica

Acad. of Sci. Charter Sch., 38 N.Y.3d 38, 43-44, 165 N.Y.S.3d 1, 5 (2022).

b.  Vega v. CM and Associates Construction

The First Department affirmed the denial of the defendant's Motion to Dismiss by

the Bronx County Supreme Court of Irma Vega's Labor Law § 191 claim, Vega, supra,

175 A.D.3d at 1144, 107 N.Y.S.3d at 287, aff'g Vega v. CM and Assocs. Constr. Mgmt.

LLC, Index No. 23559/2016E, 2018 WL 2367610 (N.Y. Sup., Bronx Cnty. May 15, 2018).

Plaintiff Vega sought liquidated damages and attorney's fees pursuant to Labor Law

§ 198(1-a) which applies to wage claims under Article 6 of the Labor Law, which includes

§ 191, Vega, supra, 175 A.D.3d at 1144-45, 107 N.Y.S.3d at 287.  The First Department observed that the plain language of § 198 indicated that "individuals may bring suit for any 'wage claim' against an employer," id. at 1145, 107 N.Y.S.3d at 287, including violations of Article 6 and § 191 underpayment, id. at 1145, 107 N.Y.S.3d at 287-88.  The court then applied the dictionary meaning of "underpayment," that is paying less than what is normal or required, id. at 1145, 107 N.Y.S.3d at 288 (quoting Merriam-Webster's Collegiate Dictionary 1364 (11th ed. 2012)), in rejecting defendant's argument excluding instances of underpayment or late payment where the employer eventually pays the outstanding wages, id.  Further, "the moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required," id. at 1145, 107 N.Y.S.3d at 288.  The court concluded that "Labor Law § 198(1-a) expressly provides a private right of action for a violation of Labor Law § 191," id. at 1146, 107 N.Y.S.3d at 288.

Alternatively, the First Department concluded that a private right of action was implied since plaintiff was "one of the class for whose particular benefit the statute was enacted," positing that a private right of action "would promote the legislative purpose of the statute and the creation of such a right would be consistent with the legislative scheme," id. at 1146, 107 N.Y.S.3d at 289.  That legislative purpose of § 191 is to protect manual workers who are dependent on their wages for sustenance, id. at 1146, 107 N.Y.S.3d at 289, while § 198 has the purpose "to deter abuses and violations of the labor laws," id. at 1146, 107 N.Y.S.3d at 289 (quoting P&L Group v. Garfinkel, 150 A.D.2d 663, 664, 541 N.Y.S.2d 535, 537 (2d Cir. 1989).  The First Department concluded that an

implicit private right of action here is consistent with legislative scheme of § 198, id. at 1146-47, 107 N.Y.S.3d at 289.

              c.  Existence of Private Right of Action for Labor Law Claim and Federal Court Application of State Law

At issue is whether Labor Law § 191 creates a private right of action for not being paid weekly.   Defendant contends that there is no express or implied right of action despite the First Department's decision in Vega (Docket No. 25, Def. Memo. at 5-14, 14-17).

An appendix to this Decision below lists New York State and federal cases decided after Vega, essentially all concluding that a private right of action exists, with some of these cases cited in the August 26th Decision and in the parties briefing prior to that Decision, Rath, supra, 2022 WL 3701163, at *3-4.  The trend of the cases after Vega recognizes this private right of action.

The New York State Court of Appeals has not resolved this dispute (see, e.g., Docket No. 21, Pl. [2d] Supp'al Auth., Ex. B, Rodriguez v. Williams-Sonoma, Inc., No. 22-CV-2546 (GRB)(JMW) (E.D.N.Y. Aug. 5, 2022), Docket No. 24, Tr. at 13 (right of action under § 191 yet to be resolved by the Court of Appeals)); Gordon v. Bluetriton Brands, Inc., No. 20 Civ. 2138 (S.D.N.Y.) (Docket No. 29, Pl. Supp'al Auth., Ex. B, Gordon, Tr., of Oct. 20, 2022, at 4) (believing that New York Court of Appeals would agree with Vega that Labor Law has private right of action).

The closest decision on this issue may be the Court of Appeals' ruling on the existence of a private right of action but under another provision of the Labor Law.  In Konkur v. Utica Academy of Science Charter School, supra, 38 N.Y.3d 38, 165 N.Y.S.3d 1 (Docket No. 19, Def. Supp'al Auth., Ex. A; see Docket No. 25, Def. Memo. at 8, 12, 16),

the Court of Appeals considered whether Labor Law § 198-b (prohibiting wage kickbacks) which lacked an express private right of action contains an implied private right of action. There, the Court of Appeals held that § 198-b did not have an implied private right of action based on the court's review of that section's legislative history.  Konkur, supra, 38 N.Y.3d at 39, 40-45, 165 N.Y.S.3d at 2, 3-6.  That court concluded that a private right of action for wage kickback was incompatible with the enforcement mechanism enacted by the Legislature, id. at 42, 165 N.Y.S.3d at 4 (quoting Cruz v. TD Bank, N.A., 22 N.Y.3d 61, 70-71, 979 N.Y.S.2d 257, 262 (2013); quoting in turn without citations Sheehy v. Big Flats Comm. Day, Inc., 73 N.Y.2d 629, 634-35, 543 N.Y.S.2d 18, 21 (1989)).

When applying New York law, this Court first looks to the New York Court of Appeals decisions on this point.  If that court has not ruled on the matter, decisions of the Supreme Court, Appellate Division, are dispositive.  "As a federal court applying state law," observed the Second Circuit, "we are generally obliged to follow the state law decisions of state intermediate appellate courts . . . in the absence of any contrary New York authority or other persuasive data establishing that the highest court of the state would decide otherwise," Broder v. Cablevision Sys. Corp., 418 F.3d 187, 199-200 (2d Cir. 2005) (quoting Pentech Int'l, Inc. v. Wall St. Clearing Co., 983 F.2d 441, 446 (2d Cir. 1993), quoting in turn  West v. Am. Tel. & Tel. Co., 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139 (1940)); V.S. v. Muhammad, 595 F.3d 426, 432 (2d Cir. 2010) (see also Docket No. 27, Pl. Memo. at 22).

Defendant counters that this Court should predict how the New York State Court of Appeals would decide the issue (Docket No. 25, Def. Memo. at 12), citing Phansalkar v. Andersen Weinroth & Co., 344 F.3d 184, 199 (2d Cir. 2003) (this Court must give

"proper regard" to the decisions of state's lower courts), while the Appellate Division and state trial court decisions are not binding on this Court (id. citing <u>Philadelphia Indem. Ins. Co. v. Indian Harbor Ins. Co.</u>, 434 F. Supp.3d 4, 10 (E.D.N.Y. 2020)).  Decisions from these other state courts, albeit not binding, are helpful indicators of how the Court of Appeals would rule and "are a basis for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise," <u>DiBella v. Hopkins</u>, 403 F.3d 102, 112 (2d Cir. 2005); <u>Philadelphia Indem.</u>, <u>supra</u>, 434 F. Supp.3d at 10.

### 3.  Liquidated Damages

Liquidated damages usually are the amount "contractually stipulated as a reasonable estimation of actual damages to be recovered by one party if the other party breaches," Bryan Garner, <u>Black's Law Dictionary</u> 447 (9th ed. 2009).

Remedies under Labor Law § 198(1-a) to the Labor Commissioner or the employee include payment of liquidated damages, defined there as the additional amount above "full amount of any such underpayment," equal to 100% of the total amount of wages found to be due, N.Y. Labor Law § 198(1-a).  Liquidated damages may be trebled for willful violation of Labor Law § 194 (pay discrimination), id., not alleged here.

### B.  Parties' Contentions

In its initial Motion, Defendant asserts that under Article VI of the New York Labor Law of which § 191(1) is a part allows for a private right of action (Docket No. 13, Def. Memo. at 4-15).  However, Defendant contends that New York Labor Law § 198 addresses a right of action only for alleged underpayment of salary, N.Y. Labor Law §

198(1-a), and does not apply when a manual worker is untimely paid biweekly (id. at 4-5).

In the pending Motion Defendant renews this argument that Plaintiff fails to state a claim because New York Labor Law § 191 does not create an express or implied right of action for delayed payments of salary (Docket No. 25, Def. Memo. at 5-14, 14-17). Citing Konkur, supra, 38 N.Y.3d 38, 165 N.Y.S.3d 1, Defendant believes that the New York State Court of Appeals also would reject Vega and conclude there is no private right of action under § 191 for delayed payments (id. at 12-13).  Defendant contends that Vega is not applicable and that subsequent cases are mixed whether they follow Vega (id. at 13-14).  Moreover, Defendant distinguishes the federal cases that purport to apply Vega to unpaid (or underpaid) wage claims from untimely payment cases, recognizing only private right of action under § 198 for the former (Docket No. 30, Def. Reply Memo. at 1, 3, 3-5).  Defendant concludes that untimely wage payment claims, however, are only enforceable by the Commissioner of Labor (id. at 3-5).  Last, Defendant argues that liquidated damages for nonpayment or underpayment claims are recoverable by the employee, but a delayed payment claim (such as under Labor Law § 191) is not (id. at 6-7).

Plaintiff relies upon the First Department's holding in Vega, supra, 175 A.D.3d 1144, 107 N.Y.S.3d 286, that there is a private right of action under Labor Law § 191(1) (Docket No. 27, Pl. Memo. at 5-11; see also Docket No. 17, Pl. Memo. at 5-11, 17-18, 11-17).  She argues that there is no persuasive evidence that the New York State Court of Appeals would rule contrary to the First Department's conclusion in Vega (Docket No. 27, Pl. Memo. at 2).  She lists at least fifteen cases that follow Vega (id. at 2-4; listed in

Appendix below) while Defendant relies upon pre-<u>Vega</u> decisions (<u>see</u> <u>id.</u> at 4 & n.1). Plaintiff also argues that the cases before <u>Vega</u> found this private right of action existed (<u>id.</u> at 5-7).  Plaintiff concludes that Defendant's delayed payments do not exempt Defendant from liquidated damages (Docket No. 27, Pl. Memo. at 19-22).  Plaintiff later submitted supplemental authority (Docket No. 29) from another federal court, <u>Gordon v. Bluetriton Brands, Inc.</u>, No. 20 Civ. 2138 (S.D.N.Y.), which followed <u>Vega</u> (Docket No. 29, Ex. B, <u>Gordon</u>, Tr., of Oct. 20, 2022, at 3-7, 4-5).

Finally, both parties cite to the legislative history for amendments to Article 6 of the Labor Law to conclude either that the Legislature intended a private right of action under the Labor Law with liquidated damages (Docket No. 27, Pl. Memo. at 8-10) or did not (Docket No. 30, Def. Reply Memo. at 4; Docket No. 25, Def. Memo. at 16-17).

### C.  Existence of Private Right of Action Under Labor Law § 191

This Court's present role is to determine if there is persuasive argument that the New York State Court of Appeals would decide differently than that there is a private right of action for claims under the Labor Law.  This Court lacks the authority to certify the question of whether there a private right of action for untimely wage payments to the Court of Appeals directly to seek the definitive answer, <u>see</u> 2d Cir. R. 27.2(a) (if state law permits, the Second Circuit may certify a question of state law to the state's highest court); N.Y. Court of Appeals R. 500.27(a).  The New York Court of Appeals rule restricts certification for questions from the United States Supreme Court, any United States Court of Appeals, or a state's court of last resort, N.Y. Court of Appeals R. 500.27(a) (<u>see also</u> Docket No. 21, Pl. [2d] Supp'al Auth., Ex. B, <u>Rodriguez</u>, <u>supra</u>, Docket No. 24, Tr. at 13-

14) (district court "would love to certify question to Court of Appeals of New York State but of course I'm no allowed to do that")).

While the Appellate Term in <u>Phillips v. Max Finkelstein, Inc.</u>, 73 Misc.3d 1, 3-4, 153 N.Y.S.3d 750, 751-52 (App. Term 2d Dep't 2021), <u>aff'g as modified</u>, 66 Misc.3d 514, 115 N.Y.S.3d 866 (County Ct. Suffolk Cnty. 2019), felt bound by stare decisis to adhere to the <u>Vega</u> decision until Second Department or New York Court of Appeals rules on the matter, this Court is not so bound.  Rather, this Court must be prescient as to the direction the Court of Appeals might take, using Appellate Division and trial court decisions as potentially showing the direction the Court of Appeals might take.  This Court also notes the trend of the federal courts (and most lower New York State courts) applying Article 6 of the New York Labor Law concluding that, pursuant to <u>Vega</u>, there is a private right of action under New York Labor Law § 191, as listed in the Appendix below.

Absent definitive ruling by the New York Court of Appeals, this Court adopts the holding of <u>Vega</u> and concludes that New York Labor Law § 191 has a private right of action.  Labor Law § 198 provides the means for employees to litigate claims under Article 6 of the Labor Law, including for delayed payment of wages under § 191.

Defendant argues that nonpayment or underpayment of wages is actionable by the employee but other violations of Article 6 (including delayed wage payment) is not (<u>see</u> Docket No. 30, Def. Reply Memo. at 3).  Defendant relies upon one post-<u>Vega</u> decision, the State Supreme Court decision in <u>Grant v. Global Aircraft Dispatch</u>, which held that there is no private right of action under Labor Law § 198(1-a) for what that court termed a "frequency of pay violation" of § 191 because there was no claim for unpaid wages, 2021 WL 6777500, at *3 (Sup. Ct. Queens Cnty. Apr. 20, 2021) (citing pre-<u>Vega</u>

cases), appeal pending.  The court there did not cite Vega but relies upon another Queens County Supreme Court decision, Hunter v. Planned Bldg. Servs., Inc., Index No. 715053/2017, 2018 WL 3392476, at *2 (Sup. Ct. Queens Cnty. June 20, 2018) (citing Hussain), a decision from the Suffolk County Supreme Court, Kruty v. Max Finkelstein, Inc., 65 Misc.3d 1236(A), 119 N.Y.S.3d 831 (Table) (Sup. Ct. Suffolk Cnty. 2019), and an earlier federal court decision, Hussain v. Pakistan Int'l Airlines Corp., No. 11-CV-932 (ERK) (WP), 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012) (holding there was no private action for frequency of payment violations), Grant, supra, 2021 WL 6777500, at *3.

The cases cited by the Grant court are distinguishable.  Another federal court declined to follow Hunter because of the Appellate Division's decision in Vega, Scott v. Whole Foods Market Group, Inc., No. 18-CV-0086 (SJF) (AKT), 2020 WL 9814095, at *2 (E.D.N.Y. Feb. 5, 2020).

Again, there is no New York State Court of Appeals decision directly on point. Konkur considered a different section of Article 6 of the Labor Law, the ban on illegal kickbacks of salaries, N.Y. Labor L. § 198-b, concluding that § 198-b differs from other provisions of Article 6 and thus the State Legislature in enacting that section did not create or intend a private right of action for § 198-b, see Konkur, supra, 38 N.Y.3d at 40, 44-45, 165 N.Y.S.3d at 3, 5-6.

There appears to be a split among the Appellate Divisions whether there is a private right of action for violation of § 191.  A trial court stated that the Second Department in 1997 in IKEA, 241 A.D.2d 454, 660 N.Y.S.2d 585, implied that there was no such private right of action, see Kruty, supra, 65 Misc.3d at 1236(A) at *3, whereas the

First Department in <u>Vega</u> held that there is, <u>Vega</u>, <u>supra</u>, 175 A.D.3d 1144, 107 N.Y.S.3d 286.  The Third and Fourth Departments have not decided whether § 191 has a private right of action.  The Fourth Department held that § 198 is not a substantive provision but recognized that it contains remedies available to prevailing employees, <u>Salahuddin v. Craver</u>, 163 A.D.3d 1508, 1510-11, 82 N.Y.S.3d 291, 293 (4th Dep't 2018) (quoting <u>Villacorta v. Saks Inc.</u>, 32 Misc.3d 1203[A], 2011 WL 2535058 (Sup. Ct. N.Y. Cnty. 2011), citing <u>Gottlieb</u>, <u>supra</u>, 82 N.Y.2d at 459-65, 605 N.Y.S.2d at 214-18).

Also discussed above, state trial court opinions after <u>Vega</u> (save <u>Grant</u>) apply that decision to recognize the private right of action.  There is no contrary data or authority to suggest the New York Court of Appeals would decide to the contrary.  This Court also observes that federal courts after <u>Vega</u> uniformly follow suit (as listed in the Appendix below).  The standard, however, is whether there is substantial evidence that the New York Court of Appeals would agree or not.

Defendant's arguments essentially are that the First Department erred in concluding that a private right of action exists.

After surveying this precedent cited by both parties, this Court believes that the State's highest court would conclude that delayed payment is a form of underpayment, <u>see</u> <u>Vega</u>, <u>supra</u>, 175 A.D.3d at 1145, 107 N.Y.S.3d at 288 ("the term underpayment encompasses the instances where an employer violates the frequency requirements of section 191(1)(a) but pays all wages due before the commencement of an action"); <u>Rojas v. Hi-Tech Metals, Inc.</u>, Index No. 702847/2019, 2019 WL 4570161, at *2-3 (Sup. Ct. Queens Cnty. Sept. 11, 2019).  Thus, a manual worker has a private right of action under Labor Law § 191 to enforce timely, complete payment of her wages.

It is the combination of sections 191 and 198(1-a) that creates an express private right of action for untimely wage payments.  Section 191 creates the substantive right for the manual employee to timely and complete wage payments and § 198(1-a) furnishes the procedures and remedies available for violations.  The Court of Appeals acknowledged that § 198(1-a) provides remedies for violations of substantive provisions of Article 6 of the Labor Law, Gottlieb, supra, 82 N.Y.2d at 459, 605 N.Y.S.2d at 214-15; see Konkur, supra, 38 N.Y.3d at 43-44, 165 N.Y.S.3d at 5 (section 198(1-a) relief must be related to wage claims based upon violations of Labor Law Article 6, naming as an example  § 191).  The logical next step would be for the Court of Appeals to conclude that a manual worker has a private right of action to enforce receipt of weekly wages, with remedies from § 198(1-a).

With this conclusion that the New York Court of Appeals would recognize a private right of action here, Defendant's Motion to Dismiss the Amended Complaint (Docket No. 25) of Plaintiff alleging violation of New York Labor Law § 191 is denied.  Concluding that the New York Court of Appeals would find an express private right of action for violations of § 191, this Court need not determine whether an alternative implied private right of action exists.

D.  Liquidated Damages

Plaintiff seeks liquidated damages for the untimely paid weekly wages (Docket No. 24, First Am. Compl. ¶ 27) pursuant to New York Labor Law § 198(1-a) and its remedy of "an additional amount as liquidated damages" equal to 100% of total wages found to be due.

### 1.  Parties' Arguments

The First Department concluded in <u>Vega</u> that "liquidated damages may be available under Labor Law § 198(1-a) to provide a remedy to workers complaining of untimely payment of wages, as well as nonpayment or partial payment of wages," <u>Vega</u>, <u>supra</u>, 175 A.D.3d at 1146, 107 N.Y.S.3d at 288.  There, the court then quoted the legislative history for 1967 amendments to § 198 explaining the rationale for liquidated damages and concluded that "the employee loses the use of money whether he or she is never paid, partially paid, or paid late," <u>id.</u> at 1146 n.2, 107 N.Y.S.3d at 288 n.2; <u>see</u> Governor's Approval Mem., Bill Jacket, 1967, Ch. 310, 1967 N.Y. Legis. Ann. at 271 (<u>see also</u> Docket No. 28, Pl. Atty. Dec. ¶ 5, Ex. 4, at page 17 of 17 (copy of Memorandum of Industrial Commissioner for Bill Jacket L. 1967, ch. 310)).

Assuming for argument that this Court accepts <u>Vega</u> as precedent, Defendant alternatively argues against imposition of liquidated damages (Docket No. 25, Def. Memo. at 17-19).   Defendant now construes Labor Law § 198(1-a) to preclude liquidated damages when all wages are paid, arguing a further ground for rejecting <u>Vega</u> (Docket No. 25, Def. Memo. at 17-18).  Defendant rejects the analogy to the provision of the Fair Labor Standards Act imposing liquidated damages for unpaid minimum wage, overtime, or tips, <u>see</u> 29 U.S.C. § 216(b), to Labor Law § 198(1-a) (<u>id.</u> at 18).  Defendant argues the affirmative defense of full payment precludes liquidated damages (<u>id.</u> at 18-19). Furthermore, without liquidated damages, Defendant concludes that Plaintiff could not claim a federal diversity class action to meet the $5 million amount in controversy threshold of the Class Action Fairness Act of 2005, Pub. L. No. 109-2, Sec. 4, 119 Stat. 4; 28 U.S.C. § 1332(d)(6) (<u>id.</u> at 18 n.5).

Resting upon the analysis from <u>Vega</u>, Plaintiff responds that the First Department rejected a similar argument concluding that eventual payment does not eviscerate the remedies of § 198(1-a) (Docket No. 27, Pl. Memo. at 19-20, <u>quoting</u> <u>Vega</u>, <u>supra</u>, 175 A.D.3d at 1145, 1146, 107 N.Y.S.3d at 288).   She also cites the Industrial Commissioner's Memorandum in support of the 1967 amendment to Labor Law § 198(1-a), where the Commissioner recommended passage because "it will also compensate the employee for the loss of the use of the money when it was due to him" (Docket No. 28, Pl. Atty. Decl. Ex. 4, at page 8 of 17).

Defendant replies that there were no wages found to be due to require liquidated damages (Docket No. 30, Def. Reply Memo. at 6).

2.   Availability of Liquidated Damages

Again, this Court must predict how the New York Court of Appeals would construe the availability of liquidated damages under New York Labor Law § 198(1-a) for violation of weekly wage requirement for manual work where the Court of Appeals has not yet addressed this issue.

Since this Court concludes above that the Court of Appeals would apply the rationale of <u>Vega</u> in finding a private right of action for violation of Labor Law § 191, there is no distinction for liquidated damages as a remedy for that violation from the holding of the existence of private right of action.

Under New York Labor Law § 191, Defendant had to pay its manual workers on a weekly basis.   But by paying Plaintiff (and other manual workers) biweekly, Defendant owed its employees wages half the time.   As the First Department recognized in <u>Vega</u>, <u>supra</u>, 175 A.D.3d at 1146 & n.2, 107 N.Y.S.3d at 288 & n.2, Labor Law § 198(1-a) was

18

amended to address the manual worker's loss of money, whether it is nonpayment, partial payment, or (as alleged here) delayed payment by including liquidated damages as a remedy.

Liquidated damages under § 198(1-a) is an additional remedy to the employee recovering the full amount of wage underpayment, N.Y. Labor L. § 198(1-a).  One state court found that by enacting this section the State Legislature intended to grant greater than ordinary protection to employee's right to her wages, Saunders v. Big Bros, Inc., 115 Misc.2d 845, 848, 454 N.Y.S.2d 787, 790 (N.Y. Civ. Ct. N.Y. Cnty. 1982).  The Industrial Commissioner in 1967 favored the amendment to § 198 because liquidated damages compensated the employee for loss of use of the unpaid wages (Docket No. 28, Pl. Atty. Decl. Ex. 4, at page 8 of 17) and Governor Nelson Rockefeller signed that amendment in part because it provides compensation for workers "for the loss of the use of money to which he is entitled" (id. at page 17 or 17).

Plaintiff alleges a loss of the use of her late paid wages from Defendant's biweekly payment (Docket No. 24, First Am. Compl. ¶¶ 11-16) and a remedy for that loss under § 198 is liquidated damages.  Thus, this Court concludes that the New York Court of Appeals would recognize the availability of liquidated damages as a remedy for violation of Labor Law § 191 recoverable by the affected manual worker.  Thus, Defendant's Motion to Dismiss (Docket No. 25) the allegation seeking liquidated damages is denied.

## IV.    Conclusion

This Court finds that there is persuasive evidence to believe that the New York State Court of Appeals would adopt the rationale of Vega and conclude that New York Labor Law § 191 has a private right of action as a Section 6 Labor Law violation under

§ 198(1-a).  This Court concludes that New York Labor Law § 191 established a private right of action of manual employees who were not paid on a weekly basis.  This action includes employees who were eventually paid on a biweekly basis.  Defendant's Motion to Dismiss the Amended Complaint (Docket No. 25) is denied.

Furthermore, this Court concludes that the New York Court of Appeals  also would recognize liquidated damages as a remedy for this private right of action enforcing Labor Law § 191.  Therefore, Defendant's Motion to Dismiss (<u>id</u>) Plaintiff's liquidated damages claim is denied.

Defendant has 28 days from that service and filing of the amended pleading to answer.  Then this case will be referred to a Magistrate Judge to conduct pretrial proceedings.

### V.     Orders

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 25) the Amended Complaint and its Motion (<u>id.</u>) denying liquidated damages as relief are DENIED.

FURTHER, Defendant shall answer the Amended Complaint within twenty-eight (28) days from the date of its service and filing.

SO ORDERED.

Dated:         November 29, 2022
               Buffalo, New York

                                            <u>s/William M. Skretny</u>
                                            WILLIAM M. SKRETNY
                                            United States District Judge

Appendix:  post-<u>Vega</u> Decisions

Plaintiff cites several state cases after the First Department's decision in <u>Vega v, CM & Associates Construction Management</u> adopting its rationale that Labor Law § 191 has a private right of action (Docket No. 27, Pl. Memo. at 3, 4, 5):

<u>Rojas v. Hi-Tech Metals, Inc.</u>, Index No. 702847/2019, 2019 WL 4570161, at *4 (Sup. Ct. Queens Cnty. Sept. 11, 2019) (citing <u>Gottleib v. Kenneth D. Laub & Co.</u>, 82 N.Y.2d 457, 605 N.Y.S.2d 213 (1993), for applicability of Labor Law § 198 to enforcement of wage payment and <u>Vega</u>, <u>supra</u>, Index No. 23559/2016E, 2018 WL 236761 (Sup. Ct., Bronx Cnty., May 15, 2018)).  <u>Rojas</u> was decided the day after First Department's affirmance in <u>Vega</u>.

<u>Phillips v. Max Finkelstein, Inc.</u>, 73 Misc.3d 1, 3-4, 153 N.Y.S.3d 750, 751-52 (App. Term 2d Dep't 2021), <u>aff'g as modified</u>, 66 Misc.3d 514, 115 N.Y.S.3d 866 (County Ct. Suffolk Cnty. 2019)

Plaintiff also cites the following federal cases applying <u>Vega</u> and conclude the existence of private right of action (<u>e.g.</u>, Docket No. 27, Pl. Memo. at 2-4):

<u>Rodrigue v. Lowe's Home Centers, LLC</u>, No. 20-CV-1127, 2021 WL 3848268, at *5 (E.D.N.Y. Aug. 27, 2021)

<u>Gillett v. Zara USA, Inc.</u>, No. 20 Civ. 3734 (KPF), 2022 WL 3285275, at *12 (S.D.N.Y. Aug. 10, 2022) (<u>see also</u> Docket No. 22, Pl. [3d] Supp'al Auth.)

<u>Caul v. Petco Animal Supplies, Inc.</u>, No. 20-CV-3534, 2021 WL 4407856, at *2 (E.D.N.Y. Sept. 27, 2021)

<u>Quintanilla v. Kabo Pharm., Inc.</u>, No. 2:19-cv-06752-PKC, Docket No. 18 (E.D.N.Y. June 30, 2020) (Docket No. 28, Pl. Atty. Decl. ¶ 7, Ex. 6)

<u>Corporan v. Regeneron Phams.</u>, No. 21-cv-056069-CS (S.D.N.Y. Jan. 24, 2022) (Docket No. 28, Pl. Atty. Decl. ¶ 2, Ex. 1)

<u>Davis v. Banana Republic, LLC</u>, No. 21-cv-06160-KAM (E.D.N.Y. Apr. 5, 2022) (Docket No. 28, Pl. Atty. Decl. ¶ 3, Ex. 2)

<u>Scott v. Whole Foods Market Group, Inc.</u>, No. 18-CV-0086 (SJF) (AKT), 2019 WL 1559424, at *4 (E.D.N.Y. Apr. 9, 2019), <u>adhering on reconsideration</u>, 2020 WL 9814095 (E.D.N.Y. Feb. 5, 2020)

<u>Mabe v. Wal-Mark Assocs., Inc.</u>, No. 1:20-CV-591, 2022 WL 874311, at *8 (N.D.N.Y. Mar. 24, 2022) (holding that New York Court of Appeals would adopt reasoning of <u>Vega</u> and find private right of action exists for claims under Labor Law § 191 and observing a lack of division of opinion among Appellate Divisions on issue) (Docket No. 20, Pl. Supp'al Auth.)

<u>Duverny v. Hercules Med. P.C.</u>, No. 18cv7652 (DLC), 2020 WL 1033048, at *5-6 (S.D.N.Y. Mar. 3, 2020)

<u>Sorto v. Diversified Maintenance Sys., LLC</u>, No. 20-CV-1302(JS)(SIL), 2020 WL 7693108, at *3 (E.D.N.Y. Dec. 28, 2020)

<u>Elhassa v. Hallmark Aviation Servs., L.P.</u>, No. 21CV9768, 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022) (Docket No. 20, Pl. Supp'al Auth., Ex. B)

<u>Beh v. Community Care Companions Inc.</u>, No. 19CV1417, 2021 WL 3914297, at *3 (W.D.N.Y. Feb. 1, 2021) (Scott, Mag. J.), <u>adopted</u>, 2021 WL 3914320 (W.D.N.Y. June 23, 2021) (Sinatra, J.)

<u>Jones v. Nike Retail Servs.</u>, No. CV 22-3343, 2022 WL 4007056, at *1 (E.D.N.Y. Aug. 30, 2022)

<u>Glaser v. Bath & Body Works, LLC</u>, No. 2:20-CV-02530-WFK-AYS (E.D.N.Y. Sept. 28, 2022)

<u>Gordon v. Bluetriton Brands, Inc.</u>, No. 1:22-cv-02138-JMF, Docket No. 43 (S.D.N.Y. Oct. 28, 2022) (Tr. at 3-7, denying Motion to Dismiss, on basis of <u>Vega</u>, at 4-5)

<u>Katz v. Equinox Holdings, Inc.</u>, No. 20-CV-9856 (VEC), 2022 WL 1292262, at *5 (S.D.N.Y. Apr. 29, 2022) (while lower New York State courts held otherwise, federal courts consistently recognized private right of action, citing cases).

In opposition, Defendant cites <u>Grant v. Global Aircraft Dispatch, Inc.</u>, Index No. 72004/2019, 2021 WL 6777500 (N.Y. Sup.) (Sup. Ct. Queens Cnty. Apr. 20, 2021), <u>appeal pending</u>, as a post-<u>Vega</u> state court decision granting a Motion to Dismiss Labor Law §§ 191, 198 claim by denying the existence of private right of action (Docket No. 30, Def. Reply Memo. at 1).