UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WENDY RATH, *individually and on behalf of all others similarly situated*,

                           Plaintiff,

              v.

JO-ANN STORES, LLC,

                           Defendant.

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

CIVIL ACTION NO.:
1:21-CV-00791-WMS

---

Defendant Jo-Ann Stores, LLC ("Jo-Ann Stores"), by and through its attorneys, Harter Secrest & Emery LLP, as and for its Answer to the First Amended Class Action Complaint (Dkt. 34, hereinafter "Amended Complaint"), states:

## NATURE OF THE ACTION

1. This is a class action on behalf of all of Defendant Jo-Ann Stores, LLC's ("Defendant") employees in the State of New York that engage in manual work in the course of their employment.

ANSWER: Jo-Ann Stores admits only that Plaintiff seeks to represent a class of Jo-Ann Stores employees that engage in "manual work" in the State of New York, but except as specifically so admitted, denies the remaining allegations in paragraph 1 of the Amended Complaint and denies that a class action is appropriate in this matter.

2. New York Law requires companies to pay their manual workers on a weekly basis unless they receive an express authorization to pay on a semi-monthly basis from the New York State Department of Labor Commissioner. See New York Labor Law ("NYLL"), Article 6, §191.

ANSWER: Jo-Ann Stores admits only that New York Labor Law Section 191 requires employers to pay manual workers on a weekly basis unless they receive permission from the

Department of Labor to pay manual workers bi-weekly, but except as specifically so admitted, denies the remaining allegations in paragraph 2 of the Amended Complaint.

**3.      On information and belief, Defendant has received no such authorization from the New York State Department of Labor Commissioner.**

ANSWER:     Jo-Ann Stores denies each and every allegation in paragraph 3 of the Amended Complaint.

**4.      The New York Court Of Appeals has explained that this law is "intended for the protection of those who are dependent upon their wages for sustenance." People v. Ventri, 309 N.Y. 401, 405 (citing former Labor Law § 196).**

ANSWER:     Jo-Ann Stores admits only that Plaintiff selectively quotes dicta from the cited case, which unlike this case involved a failure to pay fringe benefits.

**5.      Defendant has violated this law by paying its manual workers every other week rather than on a weekly basis.**

ANSWER:     Jo-Ann Stores denies each and every allegation in paragraph 5 of the Amended Complaint, which states a legal conclusion to which no response is required in any event.  Additionally, whether any particular employee is a "manual worker" as defined by applicable law depends on an individualized inquiry concerning the nature and frequency of such employee's duties and job responsibilities.

**6.      Plaintiff therefore demands liquidated damages, interest, and attorneys' fees on behalf of herself and a putative class comprised of all manual workers employed by Defendant in New York State over the last six years.**

ANSWER:     Jo-Ann Stores admits Plaintiff seeks a variety of damages on behalf of herself and the putative class of all manual workers employed by Jo-Ann Stores in New York State over the last six years, but specifically denies that Plaintiff and/or the putative class are entitled to such damages.  Additionally, whether any particular employee is a "manual worker"

as defined by applicable law depends on an individualized inquiry concerning the nature and frequency of such employee's duties and job responsibilities.

## JURISDICTION AND VENUE

**7.      This Court has personal jurisdiction over Defendant because Defendant conducts business in New York. Defendant owns and operates numerous store locations within New York.**

ANSWER:    Jo-Ann Stores admits only that the Court has personal jurisdiction over Jo-Ann Stores because it conducts business in New York by operating numerous stores within the stated, but except as specifically so admitted, denies the remaining allegations in paragraph 7 of the Amended Complaint.

**8.      This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.**

ANSWER:    Jo-Ann Stores denies each and every allegation in paragraph 8 of the Amended Complaint.

**9.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.**

ANSWER:    To the extent subject matter jurisdiction exists, Jo-Ann Stores admits the allegations in paragraph 7 of the Amended Complaint.

## PARTIES

**10.   Defendant Jo-Ann Stores, LLC is an Ohio limited liability company with a principal place of business at 5555 Darrow Road, Hudson, Ohio. Defendant owns a chain of fabric and craft stores that employs thousands of manual workers in the State of New York.**

ANSWER:   Jo-Ann Stores admits only that it is an Ohio limited liability company with a principal place of business at 5555 Darrow Road, Hudson, Ohio and that it operates a chain of fabric and craft stores that employs thousands of workers in the State of New York, but except as specifically so admitted, denies the remaining allegations in paragraph 10 of the Amended Complaint.  Additionally, whether any particular employee is a "manual worker" as defined by applicable law depends on an individualized inquiry concerning the nature and frequency of such employee's duties and job responsibilities.

**11.   Plaintiff Wendy Rath is a citizen of New York who resides in Corfu, New York. Plaintiff was employed by Defendant as a Casual Team Member from July 2019 to January 2021 at a Jo-Ann's Fabric & Crafts store located in Batavia, New York, and from January 2021 to June 2021 at a Jo-Ann's Fabric & Crafts store located in Williamsville, New York. More than 25% of Plaintiff's job responsibilities at Jo-Ann's included manual labor, including tasks such as cutting fabrics for customers, stocking inventory, working on the sales floor assisting customers, and working the cash register. Plaintiff was paid every other week, rather than weekly, during the entirety of her employment with Defendant. Thus, for half of each biweekly pay period, Plaintiff was injured in that she was temporarily deprived of money owed to her, and she could not save, invest, earn interest on, or otherwise use these monies that were rightfully hers. Accordingly, every day that said money was not paid to her in a timely fashion, she lost the time value of that money.**

ANSWER:   Jo-Ann Stores admits only that it employed Plaintiff as a Casual Team Member from August 2019 to June 2021 and that she worked in Batavia, New York and Williamsville, New York; that her job description included tasks such as cutting fabrics for customers, stocking inventory, working on the sales floor assisting customers, and working the cash register; and that it paid Plaintiff bi-weekly rather than weekly, but except as specifically so admitted, denies the remaining allegations in paragraph 11 of the Amended Complaint.

4

Additionally, whether any particular employee performed "manual labor" depends on an individualized inquiry concerning the nature and frequency of such employee's duties and job responsibilities.

**12.     Additionally, every time Plaintiff received late compensation for the work that she performed, Defendant underpaid her for the work she performed. Every time that Defendant failed to pay Plaintiff and Class Members their wages earned within seven days of the end of their workweeks, Defendant deprived them of the use of money that belonged to them. As a result, Plaintiff and Class Members were unable to do those things that every person does with their money, such as paying bills or buying goods that she needed or wanted to buy.**

ANSWER:     Jo-Ann Stores denies each and every allegation in paragraph 12 of the Amended Complaint.

**13.     By way of example, these delayed wages prevented Plaintiff and Class Members from spending money earned on a host of everyday expenses and to provide for their basic needs including, but not limited to, purchasing food and groceries, rent or mortgage payments, gas or heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for vehicles, and other basic living expenses.**

ANSWER:     Jo-Ann Stores denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Amended Complaint.

**14.     Moreover, Defendant's delayed payment of wages forced Plaintiff and Class Members to forgo purchasing goods and services until a later time after their receipt of their late paid wages. Because of inflation, being an ever increasing scourge throughout the class period, Plaintiff and Class Members were required to pay increased prices for the goods and services that they otherwise would have been purchased at an earlier date were their wages lawfully paid on a weekly basis.**

ANSWER:     Jo-Ann Stores denies that inflation was "ever increasing" during the class period and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 14 of the Amended Complaint.

15. By retaining these wages earned beyond the timeframes set by NYLL § 191, Defendant benefitted from the time value of money and its free use of such funds, at the expense of Plaintiff and Class Members. For example, during the interval of these delayed wage payments, Defendant was free to utilize those funds to purchase goods and services, pay rent or mortgages on its retail stores, pay installment payments and purchase fuel for its company-owned vehicles, pay for marketing and other business expenses, and accrue interest on those funds in its business accounts.

ANSWER: Jo-Ann Stores denies each and every allegation in paragraph 15 of the Amended Complaint.

16. Throughout her employment, Plaintiff suffered significant harm because of Defendant's pay practices. For example, because Defendant failed to pay her wages earned within seven days of the end of her workweeks, (1) Plaintiff was unable at times to timely pay all or portions of her cable bill, phone bill, utilities bill, and rent payments, and thereby incurred late fee penalties as a result. Plaintiff has suffered an additional loss of the use of her money, even after it was paid by Defendant, as she was forced to expend those funds to pay these late fees and costs due to Defendant's delayed payment of wages. Additionally, Plaintiff was unable to use her earned money to purchase goods and services because she lacked access to her wages until a later date. These harms, including the additional fees and costs accrued, would not have been incurred if Plaintiff's wages were timely paid in accordance with NYLL § 191.

ANSWER: Jo-Ann Stores denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Amended Complaint.

## CLASS ACTION ALLEGATIONS

17. Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to represent a class defined as all persons employed by Defendant in the State of New York over the last six years who (1) earned nine hundred dollars a week or less; and/or (2) did not have the authority to hire and fire other employees (the "Class"). Members of the Class include, but are not limited to, persons employed by Defendant in the following capacities: Assistant Store Managers, Cashiers, Cutting Counter Specialists, Framing Specialists, Inventory Coordinators, Key Holders, Picking and Packing Specialists, Stockers, Team Members, and Warehouse Workers, and other hourly-paid employees who perform similar physical tasks. Excluded from the class are salaried, executive employees, and those responsible for hiring and/or firing employees that are also paid in excess of nine hundred dollars a week.

ANSWER: Jo-Ann Stores admits only Plaintiff seeks to represent the class defined above, but specifically denies that such class is appropriate and denies that Plaintiff is an adequate representative of such class.

18.     Class members were required to spend more than 25% of their time engaged in physical labor in their employment with Defendant.

ANSWER:   Jo-Ann Stores denies each and every allegation in paragraph 18 of the Amended Complaint.  Additionally, whether any particular employee was required to spend more than 25% of their time engaged in "physical labor" -- an undefined term in the Amended Complaint -- depends on an individualized inquiry concerning the nature and frequency of such employee's duties and job responsibilities.

19.     Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the employment records of Defendant.

ANSWER:   Jo-Ann Stores admits the class as defined numbers in the thousands, but except as specifically so admitted, denies the remaining allegations in paragraph 19 of the Amended Complaint and denies that the class as defined is appropriate.

20.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to: whether Defendant was required to pay class members on a weekly basis, whether class members were paid on a weekly basis, and whether Defendant violated NYLL § 191.

ANSWER:   Jo-Ann Stores denies each and every allegation in paragraph 20 of the Amended Complaint, but specifically avers that the "common legal and factual questions" alleged require individualized analysis and thus are not appropriate for class treatment.

21.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff worked as a manual worker for Defendant during the class period but was not provided with compensation for her work on a weekly basis.

ANSWER:   Jo-Ann Stores denies each and every allegation in paragraph 21 of the Amended Complaint.  Additionally, whether any particular employee is a "manual worker" as

7

defined by applicable law depends on an individualized inquiry concerning the nature and frequency of such employee's duties and job responsibilities.

**22.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.**

ANSWER:    Jo-Ann Stores denies each and every allegation in paragraph 22 of the Amended Complaint.

**23.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.**

ANSWER:    Jo-Ann Stores denies each and every allegation in paragraph 23 of the Amended Complaint.

**CLAIMS FOR RELIEF
COUNT I**

**New York Labor Law – Alleged Failure to Pay Timely Wages**

**24.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.**

ANSWER:    Jo-Ann Stores repeats and reavers its responses to paragraphs 1 to 23 of the Amended Complaint as if set forth fully herein.

      **25.**    **The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the Class.**

      ANSWER:    Jo-Ann Stores admits only that New York Labor Law Section 191 applies to its operations in New York, but except as specifically so admitted, denies the remaining allegations in paragraph 25 of the Amended Complaint.

      **26.**    **Defendant failed to pay Plaintiff and the Class on a timely basis as required by NYLL § 191(1)(a).**

      ANSWER:    Jo-Ann Stores denies each and every allegation in paragraph 26 of the Amended Complaint, and such allegation is a legal conclusion to which a response is not required in any event. Additionally, whether any particular employee is a "manual worker" as defined by applicable law depends on an individualized inquiry concerning the nature and frequency of such employee's duties and job responsibilities.

      **27.**    **Due to Defendant's violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.**

      ANSWER:    Jo-Ann Stores denies each and every allegation in paragraph 27 of the Amended Complaint.

      28.    Jo-Ann Stores denies each and every allegation not heretofore specifically admitted, denied or otherwise controverted.

      29.    Jo-Ann Stores denies Plaintiff and/or the putative class are entitled to any of the relief requested in the Amended Complaint.

      30.    Jo-Ann stores denies Plaintiff and/or the putative class is entitled to a jury trial with respect to all of the relief requested.

Without assuming any burden of proof that otherwise does not exist as a matter of law, Jo-Ann Stores asserted the following defense:

### FIRST DEFENSE

31. If there is no private right of action under New York Labor Law Section 191 and/or if Plaintiff's claim for liquidated damages is insufficient as a matter of law, the Court lacks subject matter jurisdiction over this action because the claims of the putative class do not exceed the amount in controversy threshold required by the Class Action Fairness Act (CAFA).

### SECOND DEFENSE

32. Plaintiff and the putative class members lack standing because full payment of wages on a biweekly basis instead of a weekly basis does not constitute an "injury" within the meaning of Article III of the United States Constitution.

### THIRD DEFENSE

33. The Amended Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE

34. There is no private right of action for a violation of the frequency of pay provisions of New York Labor Law Section 191 where all wages have been paid.

### FIFTH DEFENSE

35. There is no basis for liquidated damages under New York Labor Law Section 198 where all wages have been paid.

### SIXTH DEFENSE

36. Plaintiff cannot satisfy the requirements for maintenance of a class action, including but not limited to ascertainability, numerosity, commonality, typicality, adequacy, predominance and/or superiority, and public policy considerations do not favor the certification

of Plaintiff's proposed class. This case is not appropriate for class treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and to the putative class she purports to represent, and thus it cannot be demonstrated that a class action is superior to other methods available for adjudicating any controversy.

### SEVENTH DEFENSE

37. Defendant's actions with respect to the Plaintiff and/or the putative class were taken at all times in good faith and with reasonable grounds for believing that acts or omissions, if any, were not in violation of the New York Labor Law and/or caused no injury to Plaintiff and/or the putative class.

### EIGHTH DEFENSE

38. The recovery of liquidated damages under New York Labor Law Sections 191 and 198 for wages paid in full biweekly instead of weekly would result in the unjust enrichment of Plaintiff and the putative class.

### NINTH DEFENSE

39. An award of liquidated damages under New York Labor Law Sections 191 and 198 for wages paid in full biweekly instead of weekly would be unconstitutional as a matter of substantive due process and/or would violate the due process and excessive fines clauses under the Constitutions of the United States and the State of New York.

### TENTH DEFENSE

40. To the extent that any members of the putative class have signed a release and/or waiver encompassing claims alleged in the Amended Complaint, their claims are barred by that release and/or waiver.

**ELEVENTH DEFENSE**

41.     Plaintiff's claims and those of the putative class should be barred or should be offset in whole by the wage payments made by Jo-Ann Stores.  Plaintiff and the putative class were paid all wages due them.

**TWELFTH DEFENSE**

42.     To the extent any of Jo-Ann Stores' alleged actions or omissions were unlawful (which Jo-Ann Stores denies), any damages recoverable by Plaintiff and the putative class are limited to actual wage underpayments, with interest on that underpaid amount, and not any other remedy or penalty.

**THIRTEENTH DEFENSE**

43.     Jo-Ann Stores alleges that the claims of Plaintiff and all or some of the putative class are barred in whole or in part because the phrase "manual worker" is defined by New York Labor Law Section 190 as those persons employed as a "mechanic, workingman or laborer," and not to other types of positions of employment.  Any administrative interpretations to the contrary are not binding or persuasive and not entitled to judicial deference.

**FOURTEENTH DEFENSE**

44.     Plaintiff and/or the putative class cannot recover on their claims because their alleged damages (if any) are *de minimis* and therefore not actionable.

**FIFTEENTH DEFENSE**

45.     To the extent Plaintiff and the putative class seek liquidated damages under the New York Labor Law, their claims may not proceed as a class action by operation of N.Y. Civil Practice Law and Rules Section 901(b).

## S<small>IXTEENTH</small> D<small>EFENSE</small>

46. The claims of the putative class may be barred, in whole or in part, by the applicable statute of limitations.

## S<small>EVENTEENTH</small> D<small>EFENSE</small>

47. Plaintiff and the putative class have a legal obligation to mitigate their claimed damages and to the extent they have not used reasonable diligence to mitigate their claimed damages, such claims are barred.

DATED: Buffalo, New York
December 27, 2022

/s/ Robert C. Weissflach, Esq.
H<small>ARTER</small> S<small>ECREST</small> & E<small>MERY</small> LLP
*Attorneys for Defendant*
*Jo-Ann Stores, LLC*
50 Fountain Plaza, Suite 1000
Buffalo, New York 14202
Telephone: (716) 844-3707
Email: rweissflach@hselaw.com