UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WENDY RATH, *individually and on behalf of all others similarly situated*,

        Plaintiff,

  v.

JO-ANN STORES, LLC,

        Defendant.

**CASE MANAGEMENT ORDER**

Civil Action No.:
1:21-CV-00791-WMS-MJR

---

Pursuant to the Text Order referring the above case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Fed.R.Civ.P. ("Rule") 16(b) and Local Rule 16,

IT IS **ORDERED** that:

1. In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution, this case has been referred to mediation.

2. Motions to opt out of ADR shall be filed no later than **February 24, 2023**.

3. Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) will be accomplished no later than **February 24, 2023**.

4. The parties already conferred and selected a Mediator, confirmed the Mediator's availability, ensured that the Mediator does not have a conflict with any of the parties in the case, identified a date and time for the initial mediation session, and filed a stipulation confirming their selection on the form provided by the Court. *See* Dkts. 9-10.

5. All motions to join other parties and to amend the pleadings shall be filed no later than **March 31, 2023**.

6. The initial mediation session was held on September 13, 2021.

7. All motions to compel fact or expert discovery shall be filed no later than **thirty (30) days prior to the applicable fact or expert discovery deadline or sixty (60) days after a ruling on Plaintiff's Motion for Class Certification, whichever is later**. If a discovery dispute arises, the movant must advise the undersigned of the dispute and request a conference by submitting a letter (copying opposing counsel) to the Court as soon as possible and no later than the deadline to complete fact discovery. *See* Rule 16(b)(3)(B)(v). Upon review of the letter, a conference will be scheduled with the parties to attempt to resolve the issue informally. If the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion. This informal discovery dispute resolution process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' positions. Parties do not waive arguments by failing to raise them in their letter submissions.

8. All fact discovery shall be completed no later than **January 2, 2024 or sixty (60) days after a ruling on Plaintiff's Motion for Class Certification, whichever is later**.

9. Plaintiff's deadline to move for class certification shall be **September 29, 2023**.

10. The parties shall identify any expert witnesses and produce their reports pursuant to Fed.R.Civ.P. 26(a)(2) as follows:

   (a) plaintiff shall identify any expert witnesses and produce their reports by **January 2, 2024 or sixty (60) days after a ruling on Plaintiff's Motion for Class Certification, whichever is later**.;

2

(b) defendants shall identify any expert witnesses and produce their reports by **February 2, 2024 or ninety (90) days after a ruling on Plaintiff's Motion for Class Certification, whichever is later**.;

(c) plaintiff shall identify any rebuttal expert witnesses and produce their reports by **February 16, 2024 or one hundred and four (104) days after a ruling on Plaintiff's Motion for Class Certification, whichever is later**.; and

(d) defendants shall identify any rebuttal expert witnesses and produce their reports by **March 1, 2024 or one hundred and eighteen (118) days after a ruling on Plaintiff's Motion for Class Certification, whichever is later**.

11. All expert depositions shall be completed no later than **March 29, 2024 or one hundred and forty (140) days after a ruling on Plaintiff's Motion for Class Certification, whichever is later**.

12. Pretrial dispositive motions, if any, shall be filed no later than **April 29, 2024 or sixty (60) days after a ruling on Plaintiff's Motion for Class Certification, whichever is later**. Such motions shall be made returnable before the Hon. William M. Skretny.

13. If no pretrial dispositive motions are filed, the parties shall contact the chambers of the undersigned **no later than five (5) days from the dispositive motion** deadline to schedule a status conference.

14. Mediation sessions may continue, in accordance with Section 5.11 of the ADR Plan, until **April 29, 2024**. The continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order.

No extension of the above deadlines will be granted except upon written

3

4

**application, filed prior to the deadline, showing good cause for the extension. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party".** *Parker v. Columbia Pictures Industries*, **204 F.3d 326, 340 (2d Cir. 2000).**

      **SO ORDERED**.

DATED:    February 15, 2023
                Buffalo, New York

                                                    */s/ Michael J. Roemer*
                                                    MICHAEL J. ROEMER
                                                    United States Magistrate Judge